IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXO OPPORTUNITY FUND LLC;<br><br>    Plaintiff,<br><br>vs.<br><br>PATRIOT RENEWABLE FUELS, LLC; and CHS INC.,<br><br>    Defendants. | Case No.: 1:25-cv-6337<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff EXO Opportunity Fund LLC ("EXO"), and for its claims against Patriot Renewable Fuels, LLC ("Patriot") and CHS Inc. ("CHS") (collectively "Defendants"), hereby alleges and states the following:

**I.     PARTIES, JURISDICTION, AND VENUE**

1. EXO is a limited liability company, headquartered in New Jersey and organized under the laws of the State of Delaware. EXO is the successor-in-interest to and owns the right and authority to assert certain claims that belonged to GS CleanTech Corporation ("GSCT"), which developed and supported companies and technologies to facilitate the more efficient use of natural resources in the corn ethanol industry.

2. Upon information and belief, Patriot is a limited liability company organized under the laws of the State of Illinois and is headquartered in Annawan, Illinois.

3. Upon information and belief, CHS is a Minnesota corporation and is headquartered in Inver Grove Heights, Minnesota

1

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. As alleged more fully herein, the Court has personal jurisdiction over Defendants and venue is appropriate in this Court because Defendants expressly consented to New York forum selection and choice-of-law clauses and "the exclusive jurisdiction of the federal courts of the United States located in the Southern District of New York" in the below-discussed patent license agreement.

## II.     BACKGROUND AND FACTS

6. In connection with its innovation toward the more efficient use of natural resources in the corn ethanol industry, GSCT applied for and was granted numerous patents described herein.

7. In and around early 2010, after being granted its first patents, GSCT entered into license agreements with multiple users of corn-oil extraction systems for the right to use GSCT's patented technologies.

8. Around the same time, GSCT began to assert claims of patent infringement against several defendants that refused to license GSCT's patented technologies. Those lawsuits were subsequently combined into a multi-district litigation ("MDL") held before the United States District Court for the Southern District of Indiana.

9. On or about December 7, 2010, GSCT and Patriot entered into an "Early Adopter License Agreement" ("EALA"), wherein GSCT licensed certain patent rights ("Licensed Patent Rights") to Patriot.

10. The EALA[1] defined the Licensed Patent Rights as follows:

> **"Licensed Patent Rights"** means those patents and patent applications set forth in **Schedule A** attached hereto and any patents (including but not limited to any continuation, continued prosecution, continuation-in-part, division, reissue, extension, reexamination or substitution) that issue therefrom or otherwise claims priority thereto which cover the extraction of corn oil from by-products of the ethanol production process via the Licensed [Corn Oil Extraction Systems].

11. Schedule A attached to the EALA lists U.S. Patent Nos. 7,601,858 ("the '858 Patent") and 7,608,729 ("the '729 Patent").[2]

12. Therefore, for the sake of clarity, the Licensed Patent Rights under the EALA include at least the following two patent families:

**The '858 Patent Family**

| Type | App. No. | Patent No. | Filing Date | Issue Date |
|---|---|---|---|---|
| Provisional | 60/602,050 | N/A | Aug. 17, 2004 | N/A |
| Main Patent | 11/122,859 | 7,601,858 | May 5, 2005 | 10/13/2009 |
| Child | 11/241,231 | 8,008,516 | Sept. 30, 2005 | 08/30/2011 |

---

[1] Out of an abundance of caution for certain confidentiality obligations contained in the EALA, EXO is not attaching a copy of the EALA to the Complaint. EXO will seek leave to file a copy of the EALA under seal.

[2] Schedule A further includes U.S. Patent Application No. 11/241,231, which would later issue as U.S. Patent No. 8,008,516 ("the '516 Patent"). However, the '516 Patent is a continuation patent of the '858 Patent and claims priority to the '858 Patent. Therefore, the '516 Patent would have been included in the Licensed Patent Rights under the EALA even if not explicitly listed in Schedule A of the EALA.

3

| Child | 12/475,781 | N/A | June 1, 2009 | N/A |
|---|---|---|---|---|
| Child | 12/559,136 | 8,008,517 | Sept. 14, 2009 | 08/30/2011 |
| Child | 13/107,197 | 8,283,484 | May 13, 2011 | 10/09/2012 |
| Child | 13/450,997 | 9,212,334 | Apr. 19, 2012 | 12/15/2015 |
| Child | 14/661,369 | 10,655,083 | Mar. 18, 2015 | 05/19/2020 |

**The '729 Patent Family**

| Type | App. No. | Patent # | Filing Date | Issue Date |
|---|---|---|---|---|
| Provisional | 60/773,947 | N/A | Feb. 16, 2006 | N/A |
| PCT App | PCT/US07/62301 | N/A | Feb. 16, 2007 | N/A |
| Main Patent | 11/688,425 | 7,608,729 | Mar. 20, 2007 | October 27, 2009 |
| Child | 12/475,830 | N/A | June 1, 2009 | N/A |

13. In exchange for the right to practice the Licensed Patent Rights, Patriot agreed to pay GSCT a royalty equaling a percentage of Patriot's gross sales of corn oil.

14. Crucially, the EALA (originally and as amended to correct a spelling error) included the following clause stating that Patriot's obligation to pay the Royalty Fee continued unless and until one of three following conditions became true:

> Final Judgment or Determination. Licensee's obligation to pay Royalty Fees hereunder will continue until (i) the termination of this Agreement, (ii) the expiration of the last to expire U.S. patent in the Licensed Patent Rights that covers the use of the Licensed COES to extract corn oil, or (iii) the occurrence of a Final Judgment or Determination (as defined below) that all of the claims of all of the issued United States patents within the Licensed Patent Rights that cover the use of the Licensed COES to extract corn oil are invalid or unenforceable. **For purposes of this Agreement, a "Final**

> ***Judgment or Determination" is a final decision or order by the United States Patent and Trademark Office or a court of competent jurisdiction that has been upheld upon an appeal from which no further appeal may be taken or appeal periods have run. For avoidance of doubt, and notwithstanding anything stated herein to the contrary, in the event of a Final Judgment or Determination, Licensee shall be liable for all Royalty Fees that accrue up to the date of the unappealed judgment prior to the Final Judgment or the Final Judgment whichever is earlier.*** Licensor shall not be required to return to Licensee any Royalty Fee and/or Advance paid or otherwise owed by Licensee prior to the date of any such unappealed judgment or the Final Judgment or Determination.

(Emphasis added.)

15. The EALA further states that Patriot did not have the right to cease payments during the pendency of a challenge to the validity or enforceability of one or more of the Licensed Patent Rights:

> Without limiting the generality of the foregoing, Licensee's failure to pay any amounts due hereunder, shall constitute a material breach of this Agreement and, provided no cure is made within FIVE (5) days after receipt of written notice by Licensee from Licensor of such breach, Licensor shall have the right to terminate this Agreement for such breach by providing written notice to Licensee. ***Licensee shall have no right to cease or suspend the payment of any amounts due hereunder during the pendency of any challenge (by Licensee or any third party) to the validity or enforceability of one or more of the Licensed Patent Rights***.

(Emphasis added.)

16. On April 19, 2012, GSCT filed U.S. Patent Application No. 13/450,997 as a continuation application, claiming priority to the '858 Patent.

17. On June 26, 2012, GSCT and Patriot agreed to amend the EALA as reflected in the document entitled "Amendment No. 1 to Early Adopter License Agreement," a true and correct copy of which is attached hereto as Exhibit 2.

5

18. Substantively, Amendment No. 1 changes the royalty rate owed from Patriot to GSCT.

19. On October 23, 2014, the district court in the MDL held that some—but not all—of the Patents in the '858 Patent Family (the '858, '516, '517, and '484 Patents) were invalid.

20. On March 18, 2015, GSCT filed U.S. Patent Application No. 14/661,369, claiming priority to the '858 Patent, i.e. in the '858 Patent Family.

21. In and around June of 2015, upon information and belief, CHS Inc. acquired Patriot and assumed its obligations under the EALA.

22. Around the same time, Defendants expressed to GSCT that they believed the October 23, 2014 ruling ceased their obligations to pay the Royalty Fees under the EALA.

23. In a letter dated July 22, 2015, GSCT explained to Defendants that their obligation to pay the Royalty Fees had not ceased and was ongoing. Among other things, GSCT specifically informed Defendants that:

> The summary judgment ruling did not cover all of the patents in the Licensed Patent Rights, and was regardless not a final, non-appealable determination of validity or enforceability in respect of the claims that it did address. The October 2014 ruling will be appealed as soon as the ruling is ripe for appeal. Our infringement claims not [sic] been resolved and the Licensed Patent Rights continue to be challenged. Cessation of payment for the reason you provided is expressly prohibited.

24. Defendants resumed payment of the Royalty Fees to GSCT shortly thereafter.

25. On December 15, 2015, U.S. Application No. 13/450,997 issued as U.S. Patent No. 9,212,334 ("the '334 Patent"). Notably, the United States Patent and Trademark

6

Office issued the '334 Patent after considering the district court's October 23, 2014 ruling and numerous other documents and filings from the MDL.

26. On September 15, 2016, the district court in the MDL held that the '858, '516, '517, and '484 Patents were unenforceable by way of inequitable conduct by both GSCT and its former counsel, Cantor Colburn. The district court made no ruling as to the '334 Patent (or any other patent in the Licensed Patent Rights) other than to mention that it was not asserted in the MDL.

27. On March 20, 2017, GSCT filed its notice of appeal of the district court's findings as to the litigated patents to the United States Court of Appeals for the Federal Circuit.

28. In late 2019, without providing any reason or explanation to GSCT, Defendants ceased their royalty payments to GSCT.

29. Notably, at that time, of the patents in the Licensed Patent Rights, at least the '334 and '729 Patents were alive, valid, and unchallenged, let alone had not received a Final Determination, as defined by the EALA, i.e. GSCT's appeal to the Federal Circuit was still pending.

30. On February 25, 2020, the United States Patent and Trademark Office issued a Notice of Allowance of U.S. Application No. 14/661,369, which was included in the Licensed Patent Rights as a continuation of the '858 Patent Family.

31. In allowing the '369 Application (which would issue as U.S. Patent No. 10,655,083 ("the '083 Patent")), the United States Patent and Trademark Office

specifically considered the findings in the MDL, namely the district court's orders finding the '858, '516, '517, and '484 Patents invalid and unenforceable.

32. On March 2, 2020, the Federal Circuit affirmed the district court's findings. *See GS Cleantech Corp. v. Adkins Energy LLC*, 951 F.3d 1310, 1315 (Fed. Cir. 2020). On April 15, 2020, GSCT petitioned the Federal Circuit for rehearing *en banc*.

33. On April 29, 2020, the United States Patent and Trademark Office issued an Issue Notification of U.S. Application No. 14/661,369.

34. On May 19, 2020, the '369 Application issued as the '083 Patent.

35. On June 30, 2020, the Federal Circuit denied GSCT's petition for rehearing *en banc*.

36. On November 25, 2020, GSCT timely filed a petition for writ of certiorari to the United States Supreme Court. That petition for writ was denied on February 22, 2021.

37. Neither the United States Patent and Trademark Office nor any other tribunal of competent jurisdiction has ever held the '729, '334, and '083 Patents—each of which is included in the Licensed Patent Rights—invalid or unenforceable.

38. There has never been any Final Judgment or Determination, as defined by the EALA, that all of the Licensed Patent Rights are invalid or unenforceable.

39. The '729 Patent is not set to expire until February 16, 2027. The lifetime expiration date of the '334 and '083 Patents was May 5, 2025.

40. Upon information and belief, Defendants have continued to use methods and processes that are covered by GSCT's protected intellectual property rights, namely at least one claim of each of the '729, '334, and '083 Patents.

41. EXO has suffered damages *at least* in the amount of royalty fees that should have been paid by Defendants pursuant to the EALA, which exceed $10,000,000.00.

42. Through their use of GSCT's patented technologies, Defendants have been able to extract and sell corn oil as a byproduct of their ethanol production process, generating substantial revenues and profits.

## III. CAUSES OF ACTION

### COUNT I
### Breach of Contract

43. EXO repleads and incorporates in full paragraphs 1–42 above.

44. GSCT and Patriot entered into a contract, i.e. the EALA, as early as December 7, 2010.

45. Defendants breached the EALA by ceasing royalty payments owed to GSCT under the EALA.

46. GSCT met each and every one of its contractual obligations under the EALA.

47. GSCT and EXO have suffered damages as a direct result of Defendants' breaches.

### COUNT II
### Unjust Enrichment

48. EXO repleads and incorporates in full paragraphs 1–47 above.

49. Defendants have been unjustly enriched by their use of GSCT and EXO's intellectual property, particularly since the end of 2019, when Defendants ceased making royalty payments while continuing to use and benefit from the Licensed Patent Rights.

50. Defendants' retention of the benefits derived from GSCT and EXO's intellectual property, without providing fair compensation to GSCT and/or EXO, would be unjust and inequitable under the circumstances.

51. GSCT and EXO have been damaged by Defendants' unjust enrichment in an amount to be determined at trial.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, EXO prays for judgment against Defendants for each of the above claims and for an Order of the Court as follows:

a. Directing Defendants to immediately pay all outstanding royalties due under the EALA to Plaintiff;

b. Awarding EXO damages sustained as a direct result of Defendants' breach and willful interference with EXO's rights;

c. Compensating EXO for actual, incidental, and consequential damages for an amount to be determined at trial;

d. Awarding EXO punitive damages;

e. Awarding EXO all other damages that would place EXO in as good a position as it would have been had Defendants not breached the EALA;

f. Awarding EXO its attorneys' fees and costs associated with this litigation; and

g. Awarding EXO any and all such further relief as this Court may deem just and equitable.

**Jury Trial Demand**

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by Jury for any and all applicable claims.

DATED: August 1, 2025      Respectfully submitted,

/s/ *Evan W. Talley*
EVAN W. TALLEY, OK Bar #22923 (*pro hac vice* forthcoming)
JIM V. JOHN, OK Bar #33928 (*pro hac vice* forthcoming)
JACOB J. OLIPHANT, OK Bar #34748 (*pro hac vice* forthcoming)
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
(405) 239-6040
(405) 239-6766 FAX
etalley@ryanwhaley.com
jjohn@ryanwhaley.com
joliphant@ryanwhaley.com

**ATTORNEYS FOR PLAINTIFF**
**EXO OPPORTUNITY FUND, LLC**