

**Evan W. Talley**
etalley@ryanwhaley.com
**405.239.6040**

September 16, 2025

<u>VIA ECF</u>

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:    Plaintiff's Letter Motion Requesting Leave to File Documents Under Seal

*EXO Opportunity Fund, LLC*, Plaintiff, v. *Patriot Renewable Fuels, LLC, and CHS, Inc.*, Defendants, Civil Action No. 1:25-cv-06337 (AS)

Dear Judge Subramanian:

On behalf of Plaintiff in the captioned matter, I submit this letter motion pursuant to Local Civil Rule 7.1(e) and Your Honor's Individual Practices ¶ 8(A), requesting leave to file certain documents, i.e. an Early Adopter License Agreement ("EALA") and Amendment 1 thereto, under seal.

The EALA and Amendment 1 form the basis for Plaintiff's breach of contract claims against Defendants in the captioned action. The EALA states, in pertinent part:

Subject only to Section 8.2 [Compelled Disclosure] hereof, neither party shall issue any press release or make any public disclosure regarding the existence or terms of this Agreement without the written consent of the other party.

EALA, § 8.4. Pursuant to that provision of the EALA, Plaintiff did not attach or include specific terms of the EALA to the Complaint and indicated that "[o]ut of an abundance of caution for certainly confidentiality obligations contained in the EALA, EXO is not attaching a copy of the EALA to the Complaint. EXO will seek leave to file a copy of the EALA under seal." Dkt. 4, fn 1.

Accordingly, in order to protect the confidentiality of the terms of the EALA, as agreed to by the parties to the EALA, Plaintiff seeks leave to file, under seal, a copy of the EALA, as well as Amendment 1 thereto.

ryan whaley
A T T O R N E Y S

September 16, 2025
2

Counsel for Plaintiff communicated with counsel for Defendants regarding this request. Counsel for Defendants stated Defendants do not oppose the filing of the EALA or Amendment 1 thereto under seal.

Please do not hesitate to contact me if you have any questions or concerns.

Regards,

RYAN WHALEY, PLLC

*/s/ Evan W. Talley*
Evan W. Talley

cc:     Defendants' Counsel of Record via ECF

DENIED. Plaintiff's letter fails to explain why, other than the private agreement struck, these documents should be placed under seal. Absent some showing that the agreement implicates sensitive information that if publicly divulged may cause harm that outweighs the public's right of access, any materials must be filed publicly.

The Clerk of Court is directed to terminate the motion at Dkt. 24.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 16, 2025