UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Exo Opportunity Fund, LLC,

Plaintiff,

-against-

Patriot Renewable Fuels, LLC and CHS, Inc.,

Defendants.

25-cv-6337 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

Exo Opportunity Fund, LLC ("Exo") alleges breach-of-contract and unjust enrichment claims in its complaint against defendants Patriot Renewable Fuels, LLC and CHS Inc. ("Patriot"). Patriot now moves to dismiss. For the following reasons, the motion is DENIED in part and GRANTED in part.

Exo's predecessor and Patriot had a patent licensing agreement. Patriot says that on July 22, 2019, they sent Exo's predecessor a notice of termination, and more than six years elapsed before Exo then filed this case in August 2025. So they argue that this case is time-barred under New York's six-year statute of limitations for contract claims. *See* N.Y. C.P.L.R. 213(2). Exo fires back that neither Exo's predecessor nor Exo ever received the letter, and that Exo *did* file suit within six years of when Patriot discontinued its royalty payments under the licensing agreement. Plainly the issue of whether and when Patriot's termination letter was received raises a factual dispute that prevents its motion to dismiss being granted at this juncture. And to the extent that Patriot asks for discovery to proceed *just* on the question of whether Exo's case was filed a few days late—ten by Patriot's account—the Court declines to proceed in this inefficient matter. The parties should complete discovery on all issues at the same time.

Patriot fares better on its argument that Exo's unjust-enrichment claim is precluded by the contract between the parties. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987). Exo's unjust-enrichment claim is simply a breach-of-contract claim in equity clothing, and Exo fails to articulate any substantive difference between the claims. If the parties disputed the existence or validity of their contract, or if the contract did not cover the subject matter at issue on the unjust-enrichment claim, that would be something. But here, the parties don't dispute the existence or validity of the patent licensing agreement; the defendants just claim that they didn't breach the agreement by ceasing to make royalty payments in 2019. If the defendants are proven right, Exo offers up no set of circumstances in which it nevertheless prevails on its unjust-enrichment claim. Under these circumstances, the claim must be dismissed.

For these reasons, Patriot's motion to dismiss the complaint as time-barred under the statute of limitations is DENIED, and its motion to dismiss the unjust-enrichment claim is GRANTED. The parties should proceed on the basis of the case management plan in this case. *See* Dkt. 43. Within 14 days, the parties should submit a renewed plan that has actual dates, rather than deadlines keyed off the Court's decision on this motion. The Clerk of Court is respectfully requested to terminate Dkt. 26.

SO ORDERED.

Dated: September 14, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge